Dawn BEVILLE, individually, and Personal Representative for an on behalf of the Estate of Paul Baxter Beville IV; Paul Baxter Beville, III; Diane Beville, Plaintiffs—Appellants,

v.

FORD MOTOR COMPANY, INC., a foreign corporation, Defendant—Appellee.

Nos. 07–16605, 07–16728.

United States Court of Appeals, Ninth Circuit.

· Submitted Feb. 12, 2009.*

Filed Feb. 18, 2009.

Larry E. Coben, Esquire, Coben & Associates, Scottsdale, AZ, Garrett J. Olexa, Esquire, Jennings Strouss & Salmon PLC, Peoria, AZ, for Plaintiffs–Appellants.

Vincent Galvin, Jr., Esquire, Jill Susan Goldsmith, Esquire, Iman Rita Soliman, Esquire, Bowman & Brooke LLP, Phoenix, AZ, Patrick J. Gregory, Esquire, Amir Nassihi, Esquire, Shook Hardy & Bacon, LLP, San Francisco, CA, for Defendant–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before: GOULD, BYBEE and TYMKOVICH,** Circuit Judges.

MEMORANDUM ***

Dawn Beville, individually and as representative of the estate of Paul Beville, along with other Beville family members (collectively "Beville"), appeal the district court's denial of two motions for a new trial. Beville sued Ford Motor Company ("Ford"), alleging that Ford's decision not to mandate a back-up alarm on one of its semi-truck models was a design defect, and that the defect caused an accident in which of one of these vehicles backed up into Paul Beville, crushing and killing him. We conclude that the district court did not abuse its discretion in denying the motions, and we affirm. *See Navellier v. Sletten,* 262 F.3d 923, 948 (9th Cir.2001) ("A district court's denial of a motion for new trial is reviewed for abuse of discretion.").

■ Beville argues that a new trial is warranted because one juror prepared a series of questions and answers while at home during a break in deliberations and discussed these notes with the jury. Beville claims that the juror's notes contradicted the district court's jury instructions and referred to excluded evidence. However, the notes cannot be used to impeach the verdict because they are not extraneous information. *See* Fed.R.Evid. 606(b); *Tanner v. United States,* 483 U.S. 107, 117, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987) (noting that a "near-universal and firmly established common-law rule in the United States flatly prohibit[s] the admission of juror testimony to impeach a jury verdict"). The notes reflected the juror's internal thought processes, and there is no evidence the juror relied on extrinsic materials in preparing them. We conclude that the district court did not abuse its discretion in concluding that the notes were not extraneous information and could not establish juror misconduct.

■ The district court also did not abuse its discretion in deciding that another juror's discussion of his personal experience with a forklift did not warrant a new trial. The personal experiences described here were of the type permissible for discussion during juror deliberations. *See Grotemeyer v. Hickman,* 393 F.3d 871, 879 (9th Cir.2004).

■ The record also supports the district court's decision to direct a verdict that the nonparty driver of the accident vehicle was at least partially at fault. Reviewing this issue *de novo, M2 Software, Inc. v. Madacy Ent. Corp.,* 421 F.3d 1073, 1086 (9th Cir.2005), we conclude that the record establishes that the driver knew that his training required him to use a spotter when backing up, yet neglected to use one, although he assumed that Beville was behind the vehicle before he started driving. The accident would not have occurred but for the driver's negligence, and the absence of a back-up alarm was not a superseding cause because it was not an "unforseeable" and "extraordinary" intervening force, as required by Arizona law. *Robertson v. Sixpence Inns of Am., Inc.,* 163 Ariz. 539, 789 P.2d 1040, 1047 (1990). A reasonable jury would have found the driver at least partially at fault, and we affirm the directed verdict on this point which did not impede Beville's ability to have a fair trial.

** The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Ford's references during closing argument to Beville's potential fault did not warrant a new trial because the district court made sufficient curative statements. *See United States v. Randall,* 162 F.3d 557, 559 (9th Cir.1998) ("Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions."). The district court twice told the jury during Ford's closing argument that Beville's fault was not an issue for the jury to decide, and on request by the district court Ford clarified this for a third time. Beville did not object to the district court's curative measures. It was reasonable to assume that the jury followed the district court's instructions.

Beville also did not request an instruction that the jury must not consider whether Beville was at fault, nor did he object when the district court did not include such an instruction. Consequently, he cannot challenge the absence of this instruction on appeal. *See Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 713–14 (9th Cir.2001).

The district court did not abuse its discretion in admitting into evidence three articles concerning back-up alarms and a notice by a federal regulatory agency. Beville waived any objection to at least three of the four items by introducing them into evidence during direct examination. *See Ohler v. United States,* 529 U.S. 753, 755, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) ("Generally, a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted."). Even if Beville had not introduced the evidence, the district court did not abuse its discretion by admitting the items because Beville's objections went "to the weight of the evidence rather than its admissibility."

*Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1188 (9th Cir.2002).

■ Finally, the district court did not abuse its discretion in rejecting Beville's proposed jury instructions. Beville advanced only a strict liability design defect claim at trial, and the district court was not required to provide instructions concerning information defect or negligence claims that were not presented at trial. *See Jenkins v. Union Pac. R.R. Co.,* 22 F.3d 206, 210 (9th Cir.1994) (stating that a party is "entitled to an instruction about his or her theory of the case").

**AFFIRMED.**